■ DIPSON REALTY COMPANY, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 51918.) — Judgment unanimously reversed on the law and facts and a new trial granted, with costs to claimant. Memorandum: Claimant appeals on the ground of inadequacy from an award of $98,040 for the taking of a portion of its drive-in theatre property located near Hornell, New York. The subject property was the only drive-in theatre in the area. It was a specialty and, therefore, it was proper to appraise it by the reproduction cost less depreciation method (*Matter of City of N. Y.* [*Maxwell*] 15 A D 2d 153, 173, 174, affd. 12 N Y 2d 1086). In addition to such an appraisal submitted by each party there was also evidence of a sale of the subject property to claimant three years and two months before the appropriation date for $66,000. Respondent also gave evidence of four sales of drive-in theatre properties located from 50 to 100 miles away. The trial court rejected the cost appraisals and erroneously relied on the comparable sales presented by the State's appraiser. Sales of other property may be considered only when such property is in the vicinity of the appropriated property (Court of Claims Act, § 16.) The sales of property used by the State's appraiser being more than 50 miles away, were not in the vicinity and, therefore, could not be considered in awarding damages in this case. ¶ The trial court properly rejected the cost appraisals submitted by the parties. ¶ "Doubtless evidence of cost of reproduction may be rejected by the court at Special Term, even though it is not contradicted, where there is reasonable ground to question the truth or accuracy of such testimony." (*People ex rel Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126, 130.) ¶ Claimant submitted two cost appraisals. One was based on a one page unverified statement of an Ohio architect, who did not testify, and the other was based on the report and testimony of a New York State architect who did testify but whose testimony shows that his valuation was not based on the cost of improvements on the property but on the cost of improvements that he thought should be there. He testified, "we really weren't concerned" with what was there and the items specified by him were considerably better than those that were there. He valued a 6 by 8 foot ticket booth at $7,000 which was valued by the State's appraiser as 51 square feet at $5, or $255. The State's cost appraisal failed to include anything for grading, drainage, water well, or sewage disposal. The trial court was therefore justified in rejecting all of the cost appraisals. ¶ A new trial will be required at which adequate cost appraisals should be presented and evidence received concerning the prior sale of the appropriated property. The record does not support the trial court's statement that the State's appraiser conceded that the $66,000 sale was a low or bargain price and that property values had since increased. The State's appraiser actually testified that drive-in theatre prices had remained relatively stable in that period and that the price was low when compared with the sale of other theatres which were 50 to 100 miles away. ¶ The actual prior sale of appropriated property at arm's length is the best evidence of

value because reflective of market value, where recent in time and not explained away as abnormal in any fashion (*Matter of Lane Bryant* v. *Tax Comm. of City of N. Y.*, 21 A D 2d 669, 670, affd. 19 N Y 2d 715; *Vasile* v. *State of New York*, 30 A D 2d 1042, affd. 24 N Y 2d 969; *Matter of City of New York [Madison Houses]* 17 A D 2d 317, 321; *Ryan* v. *State of New York*, 54 Misc 2d 917, 921). (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.